09-2171-ag
Bautista-Ramirez v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

Present:
      RALPH K. WINTER
      ROBERT A. KATZMANN,
            *Circuit Judges*,
      JED S. RAKOFF,
            *District Judge*.[*]

_____

DANIEL BAUTISTA-RAMIREZ,

          *Petitioner*,

                    No. 09-2171-ag

         - v.-

ERIC H. HOLDER, JR., Attorney General of the United States,

          *Respondent*.

_____

For Petitioner:                Anne E. Doebler, Buffalo, NY

For Respondent:           Lori B. Warlick, Trial Attorney (Leslie McKay,

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Assistant Director, Jane Schaffner, Trial Attorney, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, *for* Tony West, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC

Petition for review of a decision of the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** in part and **DISMISSED** in part.

Petitioner Daniel Bautista-Ramirez, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA") entered April 24, 2009, finding Bautista-Ramirez removable and ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In order to be statutorily eligible for cancellation of removal, a non-permanent resident like Bautista-Ramirez must have been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his application for cancellation of removal]," 8 U.S.C. § 1229b(b)(1)(A), or the service of a Notice to Appear, *id*. § 1229b(d)(1). This presence must have been continuous—an applicant cannot have departed the United States for any period in excess of 90 days or for any period in the aggregate exceeding 180 days. *Id*. § 1229b(d)(2). Bautista-Ramirez received a Notice to Appear in June 1997, and thus had to have been physically present in the United States since June 1987. At his hearing before the Immigration Judge, Bautista-Ramirez testified credibly that he first entered the United States in March 1985, and had only left the United States once, in 1988, for approximately two or three months. Despite his credible testimony, the Immigration Judge concluded that there was no

2

proof that when Bautista-Ramirez entered the United States in 1988, he was returning to the United States or he had only been away for two or three months. Bautista-Ramirez appealed, and the BIA dismissed his appeal, concluding that he had "fail[ed] to demonstrate by corroborative evidence that he maintained the requisite continuous physical presence to qualify for cancellation of removal, notwithstanding an alleged brief trip to Mexico."

The government does not dispute our jurisdiction to review its continuous physical presence determination. *See Mendez v. Holder*, 566 F.3d 316, 320 (2d Cir. 2009); *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005). We review the BIA's continuous physical presence determination as a factual finding under the substantial evidence standard. 8 U.S.C. § 1252(b)(4). Our review, however, does not focus on whether there was substantial evidence supporting the BIA's determination that Bautista-Ramirez was not statutorily eligible for cancellation of removal, but instead on whether there was substantial evidence supporting the BIA's determination that Bautista-Ramirez did not sufficiently demonstrate his statutory eligibility. *See Francis v. Gonzales*, 442 F.3d 131, 138-39 (2d Cir. 2006).

Here, the BIA concluded that Bautista-Ramirez did not sufficiently demonstrate his eligibility because he did not present corroborating evidence despite his credible testimony. On appeal, Bautista-Ramirez argues convincingly that it would be particularly difficult for him to produce corroborating evidence of his presence as an undocumented illiterate migrant worker ten years after the fact. He was never given an opportunity below, however, to explain to the agency why he could not be reasonably expected to produce such evidence. We therefore conclude that the BIA's determination that Bautista-Ramirez needed to produce corroborating evidence in order to sufficiently demonstrate his eligibility was not supported by substantial evidence. *Cf.* 8

3

U.S.C. § 1229a(c)(4)(B) ("Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence."). We give particular importance to the fact that the agency found Bautista-Ramirez's testimony to be credible. We therefore remand to the BIA so as to give Bautista-Ramirez an opportunity to explain, and the agency an opportunity to consider, whether he reasonably could be expected to produce corroborating evidence.

On appeal, Bautista-Ramirez also contends that the government violated the confidentiality provisions of 8 U.S.C. § 1160(b)(6)(A). Because Bautista-Ramirez's Notice of Appeal, the only document he submitted to the BIA, does not mention this confidentiality provision, and the BIA did not address it, Bautista-Ramirez failed to exhaust this argument, and we do not address it here. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (per curiam) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA.").

For the reasons set forth above, the petition for review is **GRANTED** in part and **DISMISSED** in part. We **VACATE** the BIA's decision, and **REMAND** to the BIA for further proceedings in conformance with this decision. As we have completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.

This panel will reassert jurisdiction to rule, if necessary, upon the issue of Bautista-Ramirez's request for cancellation of removal. *See Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir. 2005) (retaining jurisdiction to decide issues on appeal following remand to the BIA); *cf. United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994) (retaining jurisdiction while

remanding to the district court for supplementation of the record). Although the mandate shall issue forthwith, Bautista-Ramirez may return the case to this Court by notifying the Clerk of the Court within thirty days of entry of a final BIA order on remand. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK