Luis SEPULVEDA, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States,[1] Respondent.

Docket Nos. 03–40643–AG(L), 04–0187–AG(CON).

United States Court of Appeals, Second Circuit.

Submitted: Jan. 26, 2005.

Decided: May 4, 2005.

1. Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Matthew L. Guadagno, Bretz & Coven, LLP, New York, NY, for petitioner.

Richard D. Kaufman, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney), Buffalo, NY, for respondent.

Before: SOTOMAYOR, RAGGI and HALL, Circuit Judges.

SOTOMAYOR, Circuit Judge.

The Government moves to dismiss Luis Sepulveda's petitions for review of an August 2003 order of the Board of Immigration Appeals ("BIA") denying a motion to reopen his removal proceedings and a December 2003 order of the BIA denying a motion to reconsider the August 2003 order. The BIA affirmed the decision of an immigration judge ("IJ") that Sepulveda was not eligible for cancellation of removal under 8 U.S.C. § 1229b. The IJ had concluded that 8 U.S.C. § 1101(f) precluded Sepulveda from establishing that he was a person of good moral character while present in the United States. The BIA also determined that Sepulveda was ineligible

for adjustment of status under 8 U.S.C. § 1255(i) because Sepulveda had filed his visa petition after April 30, 2001. We hold that 8 U.S.C. § 1252(a)(2)(B)(i) does not prohibit this Court from reviewing these orders because the determinations to deny Sepulveda eligibility for relief under §§ 1229b and 1255(i) were nondiscretionary.

## BACKGROUND

Luis Sepulveda, a citizen of Colombia, was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i), which provides that an alien "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General" is inadmissible. Sepulveda conceded removability, but applied for cancellation of removal under 8 U.S.C. § 1229b or, in the alternative, voluntary departure under 8 U.S.C. § 1229c.

In July 1999, an IJ denied Sepulveda's application for cancellation of removal and voluntary departure. Sepulveda conceded that he had spent more than 180 days in jail in the previous ten years as a result of criminal convictions. Consequently, the IJ found that because Sepulveda was "unable to establish" good moral character under 8 U.S.C. § 1101(f)(4), he was ineligible for cancellation of removal "as a matter of law." The IJ also determined that Sepulveda had not established the requisite good moral character to qualify for voluntary departure. The IJ stated that he was not denying that application on statutory ineligibility grounds, however, but rather "as a matter of discretion" on account of Sepulveda's apparent "problem with driving while under the influence or while intoxicated."

Sepulveda appealed the IJ's decision to the BIA and, while the appeal was pending, filed a motion to reopen proceedings so that he could apply for adjustment of status under 8 U.S.C. § 1255(i), which governs the adjustment of status of "certain aliens physically present in the United States." He asserted that on November 6, 2002, the Immigration and Naturalization Service ("INS") had approved his April 22, 2002 visa petition, thereby making available to him an immediate relative visa as the spouse of a United States citizen. In a February 2003 opinion, the BIA dismissed the appeal and denied the motion to reopen. It held that Sepulveda was ineligible to adjust status under 8 U.S.C. § 1255(a) because he was never inspected and admitted into the United States. The BIA also held that under 8 U.S.C. § 1255(i), Sepulveda was ineligible for a waiver of § 1255(a)'s requirements for inspection and admittance because his visa petition was filed after April 30, 2001. The BIA also affirmed the IJ's opinion denying cancellation of removal, holding that the time Sepulveda spent in jail "bar[red] him from eligibility for cancellation of removal."

In May 2003, Sepulveda, represented by new counsel, filed another motion to reopen his removal proceedings. He argued that because his previous attorney was negligent in failing to file his visa petition prior to April 30, 2001, he should not be precluded from applying for adjustment of status. The BIA denied this motion in August 2003, holding that Sepulveda had neither established that his previous attorney's conduct was egregious nor agreed with the attorney to file the visa before the statutory deadline. In September 2003, Sepulveda filed a motion to reconsider, which the BIA denied in December 2003. The BIA found that "even if [Sepulveda] was a victim of ineffective assistance of counsel," the BIA had "no authority to extend the deadline for filing an application for adjustment of status." The BIA

also held that, "[u]nlike motions and appeals filed with the Board," the BIA had "no sua sponte authority to extend the filing deadlines over such adjustment of status applications."

In September 2003, Sepulveda filed a petition for review in this Court seeking review of the August 2003 order denying his motion to reopen removal proceedings. In January 2004, Sepulveda filed a second petition seeking review of the December 2003 order denying his motion for reconsideration of the August 2003 order. The Government has moved to dismiss both petitions, arguing that because Sepulveda's motions to reopen and reconsider are "grounded on assertions of entitlement to relief under [8 U.S.C. §§ 1229b and 1255]," this Court is barred from reviewing the orders denying such motions under 8 U.S.C. § 1252(a)(2)(B).

## DISCUSSION

Section 1252(a)(2)(B) of Title 8 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 440(a), 110 Stat. 1241 (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (1996), provides in relevant part that "no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i).

Sepulveda seeks two forms of discretionary relief: cancellation of removal under 8 U.S.C. § 1229b and adjustment of status under 8 U.S.C. § 1255(i)(1)(B)(i). Section 1229b(b) enables the Attorney General to cancel the removal of any alien who is inadmissible or removable if the alien: (1) has been physically present in the United States for a continuous period of not less

than ten years immediately preceding the date of the application for cancellation of removal; (2) has been a person of good moral character during such period; (3) has not been convicted of certain criminal offenses; and (4) can establish that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent or child, who is a permanent resident or citizen of the United States. 8 U.S.C. § 1229b(b)(1). An alien is precluded from establishing the required good moral character if he or she has "been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred eighty days or more." 8 U.S.C. § 1101(f)(7). The Attorney General may also decide that, "for other reasons," the alien has failed to establish good moral character. 8 U.S.C. § 1101(f). Section 1255(i)(1)(B)(i) permits aliens who are beneficiaries (or spouses or children of beneficiaries) of approved immigrant visa petitions that were filed before April 30, 2001, to apply for adjustment of status to that of a lawfully admitted alien.

The Government contends that under § 1252(a)(2)(B), we may not review any order granting or denying §§ 1229b and 1255 relief, regardless of whether relief was denied as a matter of discretion or because a nondiscretionary factor was found to preclude eligibility for relief. We disagree. Mindful of the "strong presumption in favor of judicial review of administrative action," *INS v. St. Cyr*, 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and the "'longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien,'" *id.* at 320, 121 S.Ct. 2271 (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)), we hold that 8 U.S.C. § 1252(a)(2)(B) does not strip courts of jurisdiction to review nondiscretionary decisions regarding an

alien's eligibility for the relief specified in 8 U.S.C. § 1252(a)(2)(B)(i).[2]

■ Our decision here is consistent with the decisions of other circuits, which have held that § 1252(a)(2)(B) does not bar judicial review of nondiscretionary, or purely legal, decisions regarding an alien's eligibility for § 1229b relief. *See, e.g., Reyes–Vasquez v. Ashcroft,* 395 F.3d 903, 906 (8th Cir.2005) ("Although the decision to grant cancellation of removal is a discretionary act by the Attorney General that we may not review, . . . we may consider the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility to be considered for the relief." (internal citations omitted)); *Santana–Albarran v. Ashcroft,* 393 F.3d 699, 703 (6th Cir.2005) ("The denial of relief based on the ground that the alien has failed to demonstrate a continuous physical presence . . . is a non-discretionary factual determination and properly subject to appellate review."); *Mireles–Valdez v. Ashcroft,* 349 F.3d 213, 217 (5th Cir.2003) (holding that "whether an alien satisfies the continuous presence requirement [of 8 U.S.C. § 1229b] is a nondiscretionary determination because it involves straightforward statutory interpretation and application of law to fact" and is therefore reviewable); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1141 (9th Cir.2002) (holding that IJ's determination of whether alien's daughter qualifies as a "child" for the purposes of § 1229b was not a "judgment" within meaning of statute because it did not involve exercise of discretion); *Najjar v.*

*Ashcroft,* 257 F.3d 1262, 1298 (11th Cir. 2001) (holding that a determination regarding whether an alien met the "continual physical presence" requirement of § 1229b was nondiscretionary and thus reviewable).

■ Other circuits have also found that the same analysis applies to decisions regarding eligibility for relief under 8 U.S.C. § 1255. *See, e.g., Succar v. Ashcroft,* 394 F.3d 8, 19–20 (1st Cir.2005) (holding that a determination that "preclude[s] an alien from even applying for relief under section 1255" is a "purely legal question" that is reviewable); *Pilica v. Ashcroft,* 388 F.3d 941, 948 (6th Cir.2004) (holding that an order denying a petitioner's motion to reopen proceedings so that he could apply for adjustment of status was not a judgment regarding the granting of relief and was thus reviewable); *Hernandez v. Ashcroft,* 345 F.3d 824, 845–47 (9th Cir.2003) (finding that a nondiscretionary determination regarding eligibility for adjustment of status was reviewable); *Iddir v. INS,* 301 F.3d 492, 497–98 (7th Cir.2002) (holding that a legal determination regarding an alien's eligibility for adjustment of status was not barred by the statute).

■ Here, in his July 1999 oral decision, the IJ made clear that he was denying Sepulveda cancellation of removal relief because Sepulveda was "unable to establish good moral character as a matter of law." The IJ contrasted his finding of statutory ineligibility for cancellation of removal under 8 U.S.C. § 1229b, with his discretionary finding that Sepulveda

---

**2.** We have similarly interpreted 8 U.S.C. § 1252(a)(2)(C), which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [certain sections of that title]." We have held that this section "does not deprive the courts of jurisdiction to determine whether the section is applicable, *e.g.,* whether the petitioner is in fact an alien, whether he has in fact been convicted, and whether his offense is one that is within the scope of [one of the enumerated sections]." *Santos–Salazar v. United States Dep't of Justice,* 400 F.3d 99, 104 (2d Cir.2005).

lacked the good moral character required for voluntary departure relief under 8 U.S.C. § 1229c. Thus, the IJ's decision to deny cancellation of removal was based on a nondiscretionary ground. On appeal, the BIA recognized the nondiscretionary nature of this decision by affirming the IJ's determination that Sepulveda was "bar[red] from eligibility for cancellation of removal." Likewise, the BIA determination to deny Sepulveda adjustment of status relief under § 1255(i) was nondiscretionary because it was premised on the ground of statutory ineligibility. In holding that Sepulveda was "ineligible to adjust status," the BIA cited 8 C.F.R. § 245.10(a)(2)(i) (2002), which defines a "properly filed" visa petition requesting adjustment of status for an alien like Sepulveda as one filed before April 30, 2001. Furthermore, the BIA's December 2003 finding that it lacked *sua sponte* authority to extend the filing deadline under the statute also illustrates the nondiscretionary nature of the eligibility determination. For the reasons discussed, we have jurisdiction to review these determinations of law.

■ As a final matter, the fact that Sepulveda seeks review of orders denying a motion to reopen and a motion for reconsideration does not affect our decision. In *Durant v. INS*, 393 F.3d 113 (2d Cir. 2004), we held that orders denying motions to reopen removal proceedings were "sufficiently connected" to final orders of removal that the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applied to these orders denying the motions. 393 F.3d at 115. The *Santos–Salazar* Court went "one step beyond *Durant*," holding that § 1252(a)(2)(C) made motions for reconsideration of a motion to reopen removal proceedings unreviewable when the underlying final order of removal was unreviewable under the statute. 400 F.3d at 103. *Santos–Salazar* thus suggests that because a final order of removal is intertwined with subsequent motions to reconsider and reopen those removal proceedings, a jurisdictional provision that applies to a final order of removal necessarily also applies to related motions to reconsider and reopen.

■ We now apply the logic of the *Santos–Salazar* principle to interpret the scope of § 1252(a)(2)(B)'s jurisdictional bar. The BIA's rejection of Sepulveda's motions had the effect of affirming the BIA's previous decisions denying him cancellation of removal and adjustment of status based on statutory ineligibility. Thus, under *Durant*, the orders denying Sepulveda's motions to reopen and reconsider are "sufficiently connected" to the final order of removal based on nondiscretionary grounds. In turn, because § 1252(a)(2)(B) does not preclude our review of a final order of removal based on nondiscretionary grounds, this statutory provision also does not bar our review of Sepulveda's motions to reopen and reconsider.

## CONCLUSION

We DENY the motion to dismiss Sepulveda's petitions under 8 U.S.C. § 1252(a)(2)(B), because this provision does not bar this Court from reviewing the orders denying Sepulveda's motions to reopen and reconsider where the underlying determinations are nondiscretionary. The Government is ordered to respond to Sepulveda's petitions. The Office of the Clerk of Court will issue a new scheduling order.