**Alexandre NOSSOULENKO, Petitioner,**

**v.**

---

Alberto GONZALES,* Respondent.

Docket No. 03–40427–AG.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2005.

Paulette Detiberiis, Kub Mundy and Associates, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney of the Northern District of Illinois (James P. Fleissner, Leonard A. Gail, Carole J. Ryczek, Assistant United States Attorneys, on the brief), for Respondent.

PRESENT: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

SUMMARY ORDER

Petitioner Alexandre Nossoulenko, a citizen of Kazakhstan, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on July 25, 2003, affirming a July 10, 2000 decision of an Immigration Judge ("IJ"). The IJ denied the petitioners' application for "special rule" cancellation of removal under section 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), as amended by section 203(b) of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), and asylum and withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3).

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. See Fed. R.App. P. 43(c)(2).

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

█ 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of the IJ's discretionary denial of the petitioner's NACARA claim based on failure to satisfy the statutory requirement of "extreme hardship." *See* IIRIRA § 309(f)(1) (indicating that the Attorney General's decision to grant cancellation of removal is "subject" to the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B), which, under the heading "Denials of discretionary relief," provides, *inter alia,* that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief under ... 240A [8 U.S.C.A. § 1229b] ...."); *see also Sepulveda v. Gonzales,* 407 F.3d 59 (2d Cir.2005) (in the context of the denial of an application for cancellation of removal under INA § 240A, not under NACARA, holding that § 1252(a)(2)(b) did not bar "judicial review of non-discretionary, or purely legal, decisions regarding an alien's eligibility for [§ 240A] relief," such as the determination that an alien's criminal incarceration prevented him from satisfying the statutory requirements for good moral character); *Kalaw v. INS,* 133 F.3d 1147, 1151–52 (9th Cir.1997) (holding that it lacked jurisdiction to consider eligibility for suspension of deportation under pre-IIRIRA law, because the determination that an alien failed to satisfy the "extreme hardship" requirement was purely discretionary). We therefore dismiss that portion of the petition for review, challenging the denial of the NACARA claim, for lack of jurisdiction.

While we lack jurisdiction to review the denial of the petitioner's NACARA claim, we are not deprived of jurisdiction to consider the petitioner's remaining claims of asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3).

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution...." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotations omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

█ We are persuaded that the material inconsistencies in the petitioner's testimony and omissions in the record constitute substantial evidence supporting the IJ's adverse credibility finding. *See Zhang v. INS,* 386 F.3d 66, 77 (2d Cir.2004); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding.").

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DISMISSED in part and DENIED in part.