12-3517
Morris v. Holder

BIA
Verrillo, IJ
A015 214 735

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

LAWRENCE EWERT MORRIS,

　　　　　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　　　12-3517-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

　　　　　　　　*Respondent*.

_____

Appearing for Petitioner:　　　Gregory C. Osakwe, Hartford, CT.

Appearing for Respondent:　　　Stuart F. Delery, Acting Assistant Attorney General,
　　　　　　　　　　　　　　　Jennifer L. Lightbody, Senior Litigation Counsel, Edward
　　　　　　　　　　　　　　　E. Wiggers, Trial Attorney, Office of Immigration
　　　　　　　　　　　　　　　Litigation, United States Department of Justice,
　　　　　　　　　　　　　　　Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lawrence Ewert Morris, a native and citizen of Guyana, seeks review of an August 22, 2012 order of the Board of Immigration Appeals ("BIA") affirming the August 18, 2011 decision of the Immigration Judge ("IJ"), which denied his applications for a waiver of inadmissibility under Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). Our review is limited to "constitutional claims or questions of law raised," 8 U.S.C. § 1252(a)(2)(C), (D), which we review de novo, *Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009). On review from the BIA's denial of a Section 212(h) waiver, our review is limited to the nondiscretionary question of whether the alien is eligible for a waiver. *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005).

Here, Morris does not contest the underlying determination of inadmissibility under Section 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). The BIA and IJ correctly determined that Morris was ineligible for a Section 212(h) waiver. Section 212(h) provides in relevant part that the attorney general may waive inadmissibility "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h); *see also Herrera-Molina v. Holder*, 597 F.3d 128, 137 (2d Cir. 2010). The record is clear, and it is beyond dispute, that Morris was convicted at least twice of criminal possession of marijuana.

As no waiver is available due to the multiple possession convictions, we do not reach Morris's arguments that the agency relied on improper documents to determine that he also had an aggravated felony conviction. We have considered all of Morris's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk