12-4644-ag (L)
Patel v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fourteen.

Present:
            ROBERT A. KATZMANN,
                        *Chief Judge*,
            JOHN M. WALKER, JR.,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*,

────────────────────────────────────────────

MITABEN NARANDAS PATEL, KETANKUMAR
BABUBHAI PATEL,

        *Petitioners*,

                v.                                              Nos. 12-4644-ag, 13-623-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

        *Respondent*.[1]

────────────────────────────────────────────

For Petitioners:                    RENEE HYKEL CUDDY (John J. Hykell, *on the brief*),
                                    Philadelphia, PA.

─────────────────────

        [1] The Clerk of the Court is directed to amend the caption as set forth above.

For Respondent:                    KRISTIN MORESI, Trial Attorney, Office of Immigration
                                   Litigation, Civil Division (Stuart F. Delery, Assistant Attorney
                                   General; Shelley Goad, Assistant Director, *on the brief*), U.S.
                                   Department of Justice, Washington, DC.

**ON CONSIDERATION** of these petitions for review of decisions of the Board of

Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that

petition 12-4644 is **GRANTED**, the corresponding decision of the BIA is **VACATED**, the case

is **REMANDED** for proceedings consistent with this order, and petition 13-623 is **DENIED** as

moot.

Petitioners Mitaben Narandas Patel and Ketankumar Babubhai Patel, wife and husband

and natives and citizens of India, petition for review of two decisions of the BIA entered on

November 5, 2012 and January 22, 2013, respectively. In its first decision, the BIA denied the

Patels' motion to remand and affirmed a October 1, 2010 decision of an Immigration Judge

("IJ"), who had found the Patels statutorily ineligible for adjustment of status under 8 U.S.C.

§ 1255(i) and ordered the Patels removed. In its second decision, the BIA denied the Patels'

motion for reconsideration. We assume the parties' familiarity with the underlying facts,

procedural history, and issues presented for review.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's

decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v.

Gonzalez*, 417 F.3d 268, 271 (2d Cir. 2005). Although we generally lack jurisdiction to review a

discretionary denial of an application for adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B)(i),

we may review the decisions here regarding the Patels' statutory eligibility for such relief. *See

id.* § 1252(a)(2)(D) (permitting review of questions of law); *Sepulveda v. Gonzales*, 407 F.3d 59,

2

62–63 (2d Cir. 2005) (holding statutory eligibility to be a question of law). We review the factual findings underlying the agency's denial of adjustment of status for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Under this standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Accordingly, we must defer to the agency's choice between competing views of the evidence "so long as the deductions are not 'illogical or implausible.'" *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 557 (1985)).

Under 8 U.S.C. § 1255(i), certain otherwise ineligible aliens may obtain adjustment of status if, among other things, the alien "is physically present in the United States on December 21, 2000." *Id.* § 1255(i)(1)(C). The Department of Justice Executive Office for Immigration Review has promulgated regulations governing the "[e]videntiary requirement to demonstrate physical presence on December 21, 2000." 8 C.F.R. § 1245.10(n). Here, the agency denied the Patels' application for adjustment of status on the ground that "[t]he regulation enumerates the type of evidence required to satisfy the requirement" of showing physical presence on December 21, 2000, and "none of the evidence submitted by the [Patels] . . . is sufficient to meet the regulation." No. 13-623, Cert. Admin. R. 25. The agency reasoned that the evidence submitted constituted "witness statements rather than official records maintained by a government or business." *Id.* The IJ likewise afforded little or no weight to the testimony, letters, affidavits, and other evidence the Patels presented on the ground that the Patels "did not provide any of the records set forth in the regulation." *Id.* at 187.

3

The agency's reading of the governing regulation is mistaken. The regulation does not "enumerate[] the type of evidence required" so as to limit acceptable evidence to "official records maintained by a government or business." Instead, the regulation enumerates certain types of official documentary evidence—including "Service [immigration] documentation," "other government documentation," and "non-government documentation"—that applicants "may submit." 8 C.F.R. § 1245.10(n)(2)–(4). The regulation makes clear, however, that "[t]he adjudicator will evaluate *all* evidence on a case-by-case basis." *Id.* § 1245.10(n)(5)(i) (emphasis added).

To be sure, the regulation also provides that "[t]he adjudicator . . . will not accept a personal affidavit attesting to physical presence on December 21, 2000, without requiring an interview or additional evidence to validate the affidavit." *Id.* But this provision does not support the agency's position. To begin with, the provision confirms that applicants are permitted to submit evidence other than official government or business documentation. Moreover, the Patels did not rely solely on unvalidated affidavits. To the contrary, both applicants testified before the IJ about Mitaben's physical presence on December 21, 2000, as well as about other factual information set forth in the various letters, affidavits, and other documents the Patels submitted. The IJ did not find the Patels' testimony to be incredible. *See* 8 U.S.C. §1229a(c)(4)(C) ("[I]f no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.").

In support of their motion to remand the case to the IJ, the Patels also submitted additional affidavits from Praveen Lal and Dr. Babubhai Patel, both of whom had been unavailable for the initial hearing before the IJ but offered to testify in re-opened proceedings if

asked. The BIA disregarded these offers of testimony as "not material to the ultimate outcome of this case" because they were "not the type of documentation that is required to establish physical presence contemplated under [the regulation]." No. 13-623, Cert. Admin. R. 26. But live testimony from Lal and Dr. Patel, if credited, could have validated those witnesses' prior written statements attesting to Mitaben's physical presence in the United States. *See* 8 C.F.R. § 1245.10(n)(5)(i) (contemplating validation of an affidavit through "an interview"). Indeed, even apart from the prior written statements, testimony from Lal and Dr. Patel could have independently supported the Patels' claims. The agency's finding of immateriality thus was mistaken.

We have considered all of the agency's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, petition 12-4644 is **GRANTED**, the corresponding decision of the BIA is **VACATED**, the case is **REMANDED** for proceedings consistent with this order, and petition 13-623 is **DENIED** as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5