Cruz v. Holder

BIA
Vomacka, IJ
A042 283 299

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand fourteen.

Present:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

RUBEN CRUZ,

> *Petitioner*,

> v.                       13-1591

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

---

| | |
|---|---|
| Appearing for Petitioner: | Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, CT. |
| Appearing for Respondent: | Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation (Stuart F. Delery, Assistant Attorney General, Civil Division; Jennifer L. Lightbody, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*) United States Department of Justice, Washington D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals (the "BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part for lack of jurisdiction.

Petitioner Ruben Cruz, a native and citizen of Colombia, seeks review of a March 27, 2013 decision of the BIA, dismissing his appeal from the November 29, 2011 decision of Immigration Judge Alan A. Vomacka (the "IJ"), which ordered Cruz removed. *In re Ruben Cruz*, No. A042 283 299 (B.I.A. Mar. 27, 2013), *aff'g in part* No. A042 283 299 (Immig. Ct. N.Y. City Nov. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The agency held that Cruz was inadmissible due to his 2000 New York State conviction for possession of marijuana. Cruz sought relief through a discretionary waiver under Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). We lack jurisdiction to review the denial of a Section 212(h) waiver, *see* 8 U.S.C. § 1252(a)(2)(B)(i), but retain jurisdiction to review "constitutional claims or questions of law," *id.* § 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324–30 (2d Cir. 2006). Whether an alien is statutorily eligible for discretionary relief under Section 212(h) is a question of law that we have jurisdiction to review. *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005).

A petitioner is ineligible for Section 212(h) relief if, after being admitted to the United States as a lawful permanent resident, he is convicted of an aggravated felony. *See* 8 U.S.C. § 1182(h). In this case, Cruz does not challenge the IJ's finding that he was admitted to the United States as a lawful permanent resident in approximately 1991, and concedes that he was convicted of an aggravated felony—Robbery in the Second Degree—in 1995. Thus, the agency did not err in concluding that Cruz was ineligible for Section 212(h) relief.

Cruz also challenges the IJ's denial of his motion for a continuance. That is a discretionary decision, *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006), over which our review is limited to constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D).

Cruz sought a continuance before the IJ so that he could attempt to obtain a pardon from the Governor of Connecticut. The IJ denied the continuance in large part because Cruz had been in removal proceedings for more than four years and could move to reopen his immigration proceedings if he obtained a pardon. Cruz's challenge to the IJ's discretionary denial of his request for a continuance does not present a colorable constitutional claim or question of law and, therefore, we lack jurisdiction over this aspect of Cruz's petition for review. *See Saloum v. U.S. Citizenship & Imm. Servs.*, 437 F.3d 238, 243–44 (2d Cir. 2006).

With respect to the denial of the continuance, Cruz also contends that the BIA erred in stating that "even if [his] conviction for robbery was pardoned, a pardon would not overcome the immigration consequences of his conviction which are at issue in this case." Even supposing that individual statement by the BIA could constitute legal error, the BIA went on to state that even if a pardon could affect the outcome here, a continuance would not have been warranted because

there was no persuasive evidence that Cruz would in fact be granted a pardon. As with his challenge to the IJ's denial of a continuance, Cruz's assertion regarding the BIA's affirmance of the IJ's denial of his motion to continue is outside the scope of our jurisdiction because he does not present a colorable constitutional claim or question of law.

We have considered the remainder of Cruz's arguments and find them to be without merit. Accordingly, Cruz's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk