Chen v. Coven

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> > *Circuit Judges,*
> GEOFFREY W. CRAWFORD,[*]
> > *District Judge.*

_____

An Qi Chen,

> *Plaintiff-Appellant,*

> v.                                                    15-3464

Phyllis Coven,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**      David J. Rodkin, Law Offices of
David J. Rodkin, New York, NY.

---

[*] Judge Geoffrey W. Crawford of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANT-APPELLEE:**     Kirti Vaidya Reddy, Christopher Connolly, Assistant United States Attorneys, <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant An Qi Chen appeals the district court's judgment dismissing her complaint.  We assume the parties' familiarity with the underlying facts and procedural history of this case.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review legal conclusions de novo and accept "all material facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."  *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Id.* (citation omitted).

To be granted adjustment of status, an alien must be eligible and the Attorney General must elect to grant relief as a matter of discretion.  8 U.S.C. § 1255(a).  An alien is eligible for adjustment of status if she (1) applies for adjustment; (2) is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) has an immigrant visa immediately available at the time her application is filed.  *Id.*  As to her eligibility, the United States Citizenship and Immigration Services ("USCIS") denied Chen's 2014 application for adjustment of status on the ground that she was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) because her visa petition and application for adjustment of status contained fraudulent information or a willful misrepresentation.

Although we have held that 8 U.S.C. § 1252 "strips jurisdiction over a substantive discretionary decision," *Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015), the

2

district court retains jurisdiction to consider a challenge to a non-discretionary decision regarding an alien's eligibility for adjustment of status, *Sharkey v. Quarantillo*, 541 F.3d 75, 82 n.7, 85-86 (2d Cir. 2008); *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005). As Chen does not challenge a discretionary determination, and instead challenges USCIS's determination that she made fraudulent or willful misrepresentations, the district court had subject matter jurisdiction to consider Chen's complaint. *See Sepulveda*, 407 F.3d at 62-63.

Although the district court believed it lacked jurisdiction, dismissal of the complaint was nevertheless appropriate. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) (stating that "we are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied"). Under the Administrative Procedure Act ("APA"), a court must hold unlawful and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Agency action is arbitrary and capricious when the agency

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Karpova v. Snow*, 497 F.3d 262, 268 (2d Cir. 2007) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The relevant inquiry is whether the agency decision draws "a rational connection between the facts found and the choice made." *Id.*

USCIS's 2014 denial of adjustment of status was sound. Although Chen argues that she did not know or understand the contents of her 2002 petition for an immigrant visa and application for adjustment of status, her testimony before an immigration officer in 2014 suggested otherwise. Chen testified that her friends had informed her that she could remain in the United States if she worked with a particular

immigration agency to prepare her papers, and that she was aware that one of the methods used to secure residency was to claim that she was an opera actress of "extraordinary abilities." Thus, the record supports USCIS's determination that the 2002 misrepresentations were deliberate. *See Emokah v. Mukasey*, 523 F.3d 110, 116–17 (2d Cir. 2008) (holding that an "act is done willfully if [it is] done intentionally and deliberately and if it is not the result of innocent mistake, negligence or inadvertence." (quoting *United States v. Dixon*, 536 F.2d 1388, 1397 (2d Cir. 1976)). Furthermore, although Chen argues that she did not understand English well in 2002 and was thus unaware of the contents of her 2002 petition and application, her 2002 visa petition contained many images of opera actresses as well as certificates and other materials attesting to Chen's operatic abilities written in Chinese and accompanied by English translations. Chen's inability to understand English would not prevent her from observing that her visa petition contained false information.

Chen also argues that USCIS placed undue significance on her signature on her 2002 materials; however, the USCIS decision mentioned Chen's signature in passing; instead, the primary basis for the denial of adjustment of status was Chen's 2014 testimony before an immigration officer. Finally, Chen's argument that the Government was required to prove she had a "specific intent to deceive" is erroneous. *See In re Tijam*, 22 I&N Dec. 408, 425 (BIA 1998) (providing that "a specific intent to deceive is not necessary"). The evidence here shows that Chen deliberately pursued a claim that was false.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4