21-6498
*Rose v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Dennis Jacobs,
            Steven J. Menashi,
                 *Circuit Judges.*

_____

MATTHEW O'DANIEL ROSE,

    *Petitioner,*

  v.                                               No. 21-6498

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL

    *Respondent.*\*

_____

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

*For Petitioner*:    Melissa M. Desvarieux, Desvarieux Law Group, P.C., Long Island City, NY.

*For Respondent*:    Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Kohsei Ugumori, David J. Schor, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DISMISSED.

Petitioner Matthew O'Daniel Rose, a citizen of Jamaica, seeks review of an August 13, 2021, decision of the BIA denying his motion to remand and affirming a February 24, 2021, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Matthew O Daniel Rose*, No. A213 638 454 (B.I.A. Aug. 13, 2021), *aff'g* No. A213 638 454 (Immigr. Ct. N.Y.C. Feb. 24, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction to review the agency's denial of discretionary relief, including cancellation of removal and adjustment of status, is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under … provisions enumerated in § 1252(a)(2)(B)(i)."). Our review of motions to remand, like motions to reopen, is similarly limited when such motions are tied to discretionary relief. *See Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005). Rose has not raised a reviewable constitutional claim or question of law as to the denial of cancellation of removal or as to the denial of his motion to remand.

To obtain cancellation of removal, a nonpermanent resident such as Rose must, as relevant here, "establish[] that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. §1229b(b)(1)(A)-(D). Before the IJ, Rose sought cancellation of removal based on hardship to his American citizen daughter. We deem that claim abandoned because Rose has not addressed it in his brief here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.1 (2d Cir. 2005) (concluding that an alien abandoned a claim "by failing to discuss [it] anywhere in his brief").

After the IJ's decision denying cancellation of removal, Rose married his daughter's mother, who was a lawful permanent resident. Rose then argued before the BIA that the matter should be remanded to the IJ for consideration of cancellation of removal based on his new marital status and for him to apply to adjust his status based on a visa petition that his wife had filed on his behalf. In support of remand, Rose submitted his marriage certificate and a receipt from U.S. Citizenship and Immigration Services ("USCIS") for the visa petition that, if granted, would allow him to apply to adjust to permanent resident status.

Rose has not identified a question of law regarding the BIA's denial of remand for further consideration of cancellation of removal. Although his marriage meant that his wife became a qualifying relative for purposes of cancellation, he did not present evidence of the hardship that his removal would cause her. 8 U.S.C. § 1229b(b)(1)(D). A movant has the burden to establish prima facie eligibility for the relief sought and to submit evidence to support a grant of relief. *See* 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); *Li Yong Cao v. DOJ*, 421 F.3d 149, 156 (2d Cir. 2005) ("A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (holding that a movant's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief

from removal], which means she must show a 'realistic chance' that she will be able to obtain such relief"). Although he asserts that the agency failed to consider evidence, he does not identify what evidence was overlooked and he did not attach additional evidence to his motion.

Nor has Rose identified a question of law regarding the BIA's denial of remand to allow him to apply to adjust status. Although the BIA did not list the reasons that Rose was ineligible to adjust, Rose has not identified why he would have been eligible. At the time of the BIA's decision, the visa petition had not been approved and an immediately available visa is a prerequisite to adjustment. 8 U.S.C. § 1255(a). Moreover, because Rose's wife was a lawful permanent resident rather than an American citizen at the time of the BIA's decision, there were additional barriers to eligibility because visas for spouses of lawful permanent residents are limited and Rose had overstayed a prior visa. *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(a), (c)(2). And because he and his wife married after he was ordered removed, Rose had the burden to prove that his marriage was entered into in good faith and not for the purpose of procuring his admission as an immigrant. 8 U.S.C. § 1255(e)(3), (1) (providing that an alien who marries while in removal proceedings must establish by "clear and convincing evidence" that the marriage was entered into in good faith). While Rose asserts that his wife is now an American citizen, he has not documented that fact, and he must first present that basis for adjustment to the BIA. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

\* \* \*

We have considered Rose's remaining arguments, which we conclude are without merit. For the foregoing reasons, we dismiss the petition for review for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4