20-2858-ag
*Marquez Baltazar v. Garland*

BIA
*A088 442 280*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-four.

Present:

> JOHN M. WALKER, JR.,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

JOSE GUADALUPE MARQUEZ BALTAZAR,

>*Petitioner*,

>v.                                            20-2858-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

>*Respondent*.

---

| | |
|---|---|
| For Petitioner: | Alex Smith, Esq., Robert Fuchs, Esq., Middletown, NY. |
| For Respondent: | Brian Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Jessica R. Lesnau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Jose Guadalupe Marquez Baltazar, a native and citizen of Mexico, seeks review of a July 31, 2020, decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings to apply for cancellation of removal. *In re Marquez Baltazar,* No. A 088 442 280 (B.I.A. July 31, 2020). We assume the parties' familiarity with the case.

We review the denial of reopening for abuse of discretion, which may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Heredia v. Sessions*, 865 F.3d 60, 65 n.5 (2d Cir. 2017) (quoting *Indradjaja v. Holder*, 737 F.3d 212, 218 (2d Cir. 2013)). Our jurisdiction to review the denial of cancellation and underlying eligibility determinations is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Patel v. Garland*, 596 U.S. 328, 339 (2022). Questions of law include "[t]he application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts." *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). The same jurisdictional limitation applies in the context of a motion to reopen to apply for cancellation. *See Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) ("[A] jurisdictional provision that applies to a final order of removal necessarily also applies to related motions to . . . reopen.").

To prevail on a motion to reopen, the movant must establish *prima facie* eligibility for the relief sought, "*i.e.*, a realistic chance that he will be able to establish eligibility" for the relief

sought. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks and citations omitted). The relief sought here is cancellation of removal. To be eligible for cancellation of removal, a petitioner must establish both that he does not have any disqualifying convictions—such as a crime of child abuse—and that his removal will result in "exceptional and extremely unusual hardship" to a qualifying relative. *See* 8 U.S.C. §§ 1227(a)(2)(E)(i), 1229b(b)(1)(D). Thus, the BIA may deny a motion to reopen to apply for cancellation of removal where a movant fails to demonstrate that there is a "realistic chance" that (1) he does not have a disqualifying conviction, and/or (2) his removal will result in hardship to a qualifying relative.

Here, the Immigration Judge ("IJ") found that Marquez Baltazar was ineligible for cancellation of removal due to his conviction for endangering the welfare of a child under N.Y. Penal Law § 260.10(1). The BIA affirmed the IJ's decision. Shortly thereafter, the State of New York vacated Marquez Baltazar's endangerment conviction. Marquez Baltazar then moved to reopen his removal proceedings to apply for cancellation of removal, arguing, *inter alia*, that he is now eligible for cancellation of removal because his disqualifying conviction was vacated. The BIA denied Marquez Baltazar's motion to reopen on the basis that he failed to establish his *prima facie* eligibility for cancellation of removal.

We conclude that the BIA abused its discretion by failing to make adequate findings to support its denial of the motion to reopen. As a preliminary matter, it is not clear whether the BIA made any findings with respect to disqualifying convictions. In its decision, the BIA noted that besides the endangerment conviction (which was vacated), Marquez Baltazar was also convicted of aggravated driving while intoxicated ("DWI") under N.Y. Vehicle & Traffic Law § 1192.2-a(b). The BIA stated "[t]hat [the DWI] offense is likely a disqualifying 'crime of child abuse' in

3

its own right, not to mention a compelling adverse discretionary factor."[1]  C.A.R. at 4.  Aside from this conclusory statement, the BIA did not provide any analysis on whether there is a realistic chance that the DWI conviction is a disqualifying conviction.  The BIA then moved onto its hardship analysis, finding that Marquez Baltazar failed to prove that there is a "reasonable likelihood that his removal will cause [his children] to experience hardship rising to the 'exceptional and extremely unusual' level."  *Id.*  Given the lack of analysis regarding disqualifying convictions, we are uncertain whether the BIA relied on the DWI conviction as one of the bases for denying the motion to reopen or whether it relied solely on its hardship determination.

Moreover, the BIA's hardship determination was insufficient.  To satisfy the "exceptional and extremely unusual hardship" standard, the hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country."  *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted).  When assessing hardship, the agency considers "the ages, health, and circumstances of qualifying . . . relatives," including how a lower standard of living, diminished educational opportunities, or adverse country conditions in the country of removal might affect the relatives.  *Id.* at 63.  In this case, the BIA found that Marquez Baltazar failed to demonstrate a realistic chance that his children would experience exceptional and extremely unusual hardship from his removal for two reasons.  First, the BIA determined that the record did not suggest that the economic and emotional hardships his daughters would suffer were beyond those generally experienced when a parent is removed.  Second, the BIA reasoned that while there was evidence

---

[1] We note that the BIA used "likely" rather than the proper "realistic chance" standard for a motion to reopen. Those two standards are not same—"likely" imposes a heavier burden on the movant than "realistic chance."  *Cf. Paucar v. Garland*, 84 F.4th 71, 80–81 (2d Cir. 2023) (explaining, in the context of the prejudice standard for an ineffective assistance claim, that a "reasonably probable" standard requires less than a "likely" grant of relief).

4

that the daughters had visual impairments that require medical treatment, the record did not suggest that they would follow Marquez Baltazar to Mexico (where they might have difficulty obtaining treatment), or that his removal would aggravate their conditions or deprive them of access to treatment in the United States.

The BIA's analysis, however, failed to sufficiently address critical issues and evidence bearing on hardship. The BIA provided little to no explanation with respect to its economic hardship finding. For example, it did not make any factual findings concerning economic hardship, and it failed to address the financial challenges that Marquez Baltazar's family may face as a result of the removal of its sole provider. Furthermore, the BIA overlooked evidence that Marquez Baltazar's family may follow him to Mexico: in his motion to reopen, Marquez Baltazar stated that his "entire family would have to" accompany him to Mexico "because they would lose their only source of income." C.A.R. at 172. Finally, the BIA failed to make any credibility findings related to its hardship determination.

In sum, the BIA's findings were inadequate to support its denial of the motion to reopen.

\* \* \*

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision denying Marquez Baltazar's motion to reopen to apply for cancellation of removal is **VACATED**, and the case is **REMANDED** to the BIA for reconsideration of the motion to reopen. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5