Jiang v. Blanche

BIA
A072 783 469

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

XIN JIANG,
> *Petitioner,*

v.                                                                    **24-3136**
                                                                      **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                 Jason Jia, Esq., Jia Law Group, P.C., New York, NY.

**FOR RESPONDENT:** Brett Shumate, Assistant Attorney General; Lindsay B. Glauner, Assistant Director; Margot L. Carter, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Jiang, a native and citizen of the People's Republic of China, seeks review of a November 18, 2024, decision of the BIA denying his motion to reopen his deportation proceedings to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *In re Xin Jiang*, No. A072 783 469 (B.I.A. Nov. 18, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). There is no dispute that Jiang's motion to reopen was untimely and number-barred because it was his third such motion and he filed it more than 25 years after his deportation order became final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (permitting one motion to reopen and setting 90-day deadline). And he moved

2

to reopen to apply for cancellation of removal, so his motion did not fall into a statutory or regulatory exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009). Further, equitable tolling was not warranted. Jiang relied on *Pereira v. Sessions*, 585 U.S. 198 (2018) and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which held that a statutorily defective "notice to appear" does not stop the accrual of physical presence required for cancellation of removal. As the BIA concluded, *Pereira* and *Niz-Chavez* are not applicable to Jiang's proceedings because he was placed in deportation proceedings by service of an order to show cause, which did not have the same statutory requirements as a notice to appear. *See Naizhu Jiang v. Garland*, 18 F.4th 730, 734–35 (2d Cir. 2021) (holding that *Niz-Chavez* and *Pereira* do not render [orders to show cause] insufficient to trigger the stop-time rule if they omit the date or place of the hearing").

Alternatively, the BIA did not err in declining to reopen because Jiang failed to establish his prima facie eligibility for cancellation. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (providing that the agency may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief

3

sought.").* Jiang's children were no longer qualifying relatives for purposes of cancellation of removal because they were over 21 years of age. *See* 8 U.S.C. §§ 1101(b)(1) (defining child), 1229b(b)(1)(D) (requiring cancellation applicant to show "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"); *Yupangui-Yunga*, 157 F.4th at 519–20 ("We hold that § 1229b(b)(1)(D) requires a qualifying 'child' to be under the age of 21 at the time an application for cancellation of removal is adjudicated.").

Finally, "we do not have jurisdiction to review the BIA's entirely discretionary refusal to reopen a case *sua sponte*" under 8 C.F.R. § 1003.2(a). *Li Chen v. Garland*, 43 F.4th 244, 249, 253 (2d Cir. 2022) (quotation marks and brackets omitted).

---

* Where, as here, the underlying relief sought is discretionary, our review is limited to constitutional claims and questions of law. *Wilkinson v. Garland*, 601 U.S. 209, 218 (2024); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) ("[A] jurisdictional provision that applies to a final order of removal necessarily also applies to related motions to reconsider and reopen."). We review de novo the question of law presented here regarding the timing of a qualifying relative determination. *See Yupangui-Yunga v. Bondi*, 157 F.4th 512, 518 (2d Cir. 2025).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5