*Portilla-Cali v. Lynch*

BIA
Straus, IJ
A205 015 187

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand seventeen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

**Alex Portilla-Cali**

> *Petitioner*,

> v.                                                                    15-4028

**Loretta E. Lynch, United States Attorney General,**

> *Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONER:** | Gregory C. Osakwe, Hartford, CT. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Nancy E. Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Alex Portilla-Cali, a native and citizen of Ecuador, seeks review of a December 8, 2015, decision of the BIA affirming an August 1, 2014, decision of an Immigration Judge ("IJ") denying cancellation of removal. *In re Alex Portilla-Cali*, No. A205-015-187 (B.I.A. Dec. 8, 2015), *aff'g* No. A205-015-187 (Immig. Ct. Hartford, Aug. 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., with the exception of the IJ's alternative discretionary denial of cancellation of removal. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Our jurisdiction is limited to the agency's "nondiscretionary, or purely legal, decisions regarding an alien's eligibility for [cancellation]." *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005).

An alien is statutorily eligible for cancellation of removal if he establishes, inter alia, continuous physical presence in the United States "of not less than 10 years immediately preceding the date of [his cancellation] application." 8 U.S.C. § 1229b(b)(1)(A). The period of continuous presence ends when a notice to appear is served. 8 U.S.C. § 1229b(d)(1). Here, the notice to appear was served in 2011, and so the relevant ten-year period ran from 2001 to 2011. *Id.* If an "alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days," the continuous physical presence test is not satisfied. 8 U.S.C. § 1229b(d)(2).

The agency determined that Portilla-Cali failed to provide any documentary evidence that

he was physically present in the United States from 2002 to 2007, and in 2009 and 2011. Portilla-Cali argues that he established continuous presence since 2001. Our review of the record reveals that Portilla-Cali was arrested in 2004, 2006, and 2009, verdicts were returned in 2005, 2007, and 2010, and Portilla-Cali was married in the United States in 2011. However, our review also confirms that there is no documentation for 2002 or 2003. Thus, despite some evidence of presence, there are still periods of time—of substantially more than 90 days or 180 days in the aggregate—for which Portilla-Cali presented no evidence of his presence in the United States. 8 U.S.C. § 1229b(d)(2). It was not error for the agency to rely on this lack of corroborating evidence. 8 U.S.C. § 1229a(c)(4)(B) ("Where the immigration judge determines that the applicant should provide evidence . . . , such evidence must be provided unless the . . . applicant does not have and cannot reasonably obtain the evidence."). Under the circumstances, a reasonable adjudicator would not be "compelled to conclude" that Portilla-Cali presented sufficient evidence of presence during the relevant period. 8 U.S.C. § 1252(b)(4)(B).

Portilla-Cali's brief flags the denial of a continuance as an issue, but then does not argue the point. We therefore consider the argument to have been abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Portilla-Cali's remaining claims—of ineffective assistance of counsel and lack of notice that he could contact the Ecuadoran consulate—were not raised before the agency and are not subject to our review. *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk