17-3231-ag
*Agor v. Sessions*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
           DENNY CHIN,
                    *Circuit Judges*,
           JOHN F. KEENAN,
                    *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LONGINUS AGOR,

                    *Plaintiff-Appellant*,

                    v.                                          17-3231-ag

JEFFERSON B. SESSIONS III, in his official capacity
as Attorney General of the United States, GEOFFREY
S. BERMAN, in his official capacity as United States
Attorney for the Southern District of New York, and
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY,

                    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:     Yoram Nachimovsky, New York, New York

FOR DEFENDANTS-APPELLEES:     Brandon M. Waterman, Christopher Connolly, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Longinus Agor appeals the district court's grant of summary judgment in favor of defendants-appellees in this Administrative Procedure Act ("APA") case seeking judicial review of a decision of the United States Citizenship and Immigration Services ("USCIS") denying his application for adjustment of status to lawful permanent resident ("LPR"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On appeal from a grant of summary judgment involving a claim brought under the [APA], we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). "Under 5 U.S.C. § 706(2)(A) a reviewing court must hold unlawful and set aside any agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* "The scope of review under the 'arbitrary

- 2 -

and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). We find no basis for setting aside the agency's decision here.

Adjustment to LPR status is a discretionary form of immigration relief that is available to aliens who meet certain statutory criteria. 8 U.S.C. § 1255(a). Although federal courts are barred from reviewing a discretionary denial of an adjustment application, we retain jurisdiction to review an applicant's eligibility to adjust. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Sepulveda v. Gonzales*, 407 F.3d 59, 63 (2d Cir. 2005). Aliens who fail to maintain continuous lawful status or who are not in lawful status on the date of application are generally barred from adjustment. 8 U.S.C. § 1255(c)(2); 8 C.F.R. § 1245.1(b)(5)-(6). Agor does not dispute that he failed to maintain lawful status and was not in lawful status when he applied for adjustment in 2009, but argues that he remains eligible to adjust status because he is the beneficiary of an immigrant visa petition that was filed "on or before April 30, 2001" and thus meets the requirements for "grandfathering" under 8 U.S.C. § 1255(i). He relies on the immigrant visa petition that he filed with the assistance of William Smart in 1999.

To be "grandfathered," Agor was required to show that the 1999 visa petition was "approvable when filed." 8 C.F.R. § 1245.10(a)(1)(i)(A). A visa petition is "approvable when filed" if it "was properly filed, meritorious in fact, and non-frivolous ('frivolous' being defined herein as patently without substance)." 8 C.F.R.

- 3 -

§ 1245.10(a)(3).  "This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed."  *Id.*   The issue is whether the petition "merited a legal victory" upon filing, even if it was later abandoned or denied based on a change in circumstances.  *See Matter of Butt*, 26 I. & N. Dec. 108, 115 (B.I.A. 2013); *see also Linares Huarcaya v. Mukasey*, 550 F.3d 224 (2d Cir. 2008) (deferring to agency's interpretation of this regulation in the context of marriage-based visas and explaining that the "grandfather clause . . . was aimed to protect those who had legitimate visa applications on file before the more restrictive amendment came into force, rather than giving applicants a second bite at the apple" (internal quotation marks and emphasis omitted)).

Agor's 1999 petition sought an employment-based immigrant visa as an "outstanding professor or researcher."  *Agor v. Lynch*, 276 F. Supp. 3d 7, 11 (S.D.N.Y. 2017).  To qualify for an immigrant visa in this category, Agor was required to show that he was: (1) "recognized internationally as outstanding in a specific academic area," (2) "ha[d] at least 3 years of experience in teaching or research in the academic area," and (3) sought to enter the United States for a "tenured" or "comparable position with a university or institution of higher education," or private employer to teach or conduct research in that academic area.  8 U.S.C. § 1153(b)(1)(B)(i)-(iii).  Only the employer may petition for this visa classification; the alien may not "self-petition."  8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5(i)(1).  The agency regulations also require that the

petition be accompanied by evidence, including an offer of employment from the prospective United States employer. 8 C.F.R. § 204.5(i)(3)(iv).

Agor does not contend that he qualified for an immigrant visa under this category or that his petition was approvable when filed. Nor could he, as the petition was filed not by a United States employer, but by Agor himself, and his petition failed to show that he had the requisite work or teaching experience. Instead, Agor seeks equitable or nunc pro tunc relief on the basis that William Smart, who apparently falsely held himself out as a lawyer, prepared and filed a fraudulent petition on Agor's behalf and prevented Agor from receiving notice that his petition was denied.

We have not yet determined whether equitable or nunc pro tunc relief is available under 8 U.S.C. § 1255(i). *Piranej v. Mukasey*, 516 F.3d 137, 145 (2d Cir. 2008). At least two of our sister circuits have held that such relief is not available. *See Prasad v. Holder*, 776 F.3d 222, 226-28 (4th Cir. 2015); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048-50 (9th Cir. 2008). We need not decide the issue in this case. Even assuming that fraud or ineffective assistance on the part of an attorney or other representative can provide a basis for equitable relief, Agor did not demonstrate that he exercised due diligence in discovering and correcting any errors in the 1999 petition, or that he would have qualified in 1999 for an immigrant visa of any kind if not for Smart's actions. *See Rashid v. Mukasey*, 533 F.3d 127, 130-33 (2d Cir. 2008); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).

We have considered all of Agor's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
