Aftab v. Barr

BIA
A095 860 015

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty.

PRESENT:
JON O. NEWMAN,
DEBRA ANN LIVINGSTON,
MICHAEL H. PARK,
 *Circuit Judges.*

_____

SYED FARHAN AFTAB,
 *Petitioner,*

v.                                          18-27
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:             Richard W. Chen, Esq., New York, NY.

FOR RESPONDENT:             Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Syed Farhan Aftab, a native and citizen of Pakistan, seeks review of a December 6, 2017, decision of the BIA denying his motion for reconsideration and reopening. *In re Aftab,* No. A095 860 015 (B.I.A. Dec. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our jurisdiction to review the agency's denial of cancellation of removal for failure to satisfy the hardship requirement or as a matter of discretion, including the denial of a motion to reconsider a decision denying that relief or to reopen to present more evidence in support of that relief, is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir. 2008); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) (providing that the jurisdictional bar for discretionary denials of relief applies equally to denials of motions to reopen or reconsider).

2

An alien, like Aftab, who entered without inspection, may have his removal cancelled if he "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain] offense[s] . . . ; and (D) establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). "Obtaining . . . cancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. Second, . . . the Attorney General in his discretion decides whether to grant or deny relief." *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006) (internal citations omitted).

The BIA declined to reconsider or reopen both because Aftab did not show error in, or present new evidence in support of, the hardship determination, and because he did not establish that cancellation would be warranted as a matter of discretion. These determinations regarding hardship and

3

discretion are independently dispositive grounds for the denial of cancellation. *See id.* Aftab has waived any challenge to the BIA's decision not to reconsider or reopen as to its discretionary denial of cancellation by including only a single sentence of argument on this point in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that a party's "single conclusory sentence" in his brief on appeal regarding a claim of error was tantamount to a waiver of that claim); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We do not reach the hardship determination because the discretionary finding is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

4