Dutt v. Garland

BIA
A089 577 493

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-one.

PRESENT:
>GERARD E. LYNCH,
>DENNY CHIN,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

_____

MANU DUTT,
>*Petitioner*,

>v.                                          **19-719**
>                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent*.

_____

FOR PETITIONER:            Michael W. Ross, Jacob D. Alderdice, Jenner & Block LLP, New York, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation

Counsel; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Manu Dutt, a native and citizen of India, seeks review of a March 12, 2019, decision of the BIA denying his motion to reopen to apply for cancellation of removal. *In re Manu Dutt,* No. A 089 577 493 (B.I.A. Mar. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao*

2

*v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The agency may deny a motion to reopen if a noncitizen fails to establish prima facie eligibility for the relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (concluding that prima facie standard requires applicant to show a "realistic chance that he will be able to establish eligibility" for relief (internal quotation marks omitted)). A nonpermanent resident, like Dutt, may have his removal cancelled if, in relevant part, he demonstrates that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative -- here, his U.S. citizen wife and children. 8 U.S.C. § 1229b(b)(1). Our jurisdiction to review the agency's determination that Dutt failed to establish his prima facie eligibility for cancellation of removal because he had not demonstrated the requisite level of hardship is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-42 (2d Cir. 2008); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005). With his motion

3

to reopen, Dutt submitted affidavits, medical records, and a psychological assessment regarding the declining financial, physical, and mental health of his U.S. citizen wife and two sons.

We remand because the BIA did not adequately explain its conclusion that Dutt did not make a prima facie showing of hardship. The BIA stated that Dutt "present[ed] sympathetic circumstances," but concluded, without further explanation, that "the evidence proffered with the motion is insufficient to make a prima facie showing that [Dutt's] removal would result in exceptional and extremely unusual hardship to a qualifying relative." The BIA did not make any reference to Dutt's evidence, or otherwise indicate what alleged hardship it considered in reaching this conclusion, including whether it considered his wife to be a qualifying relative. "[W]e require a certain minimum level of analysis from the . . . BIA . . . if judicial review is to be meaningful" and "[w]e also require some indication that the [agency] considered material evidence supporting a petitioner's claim." *Poradisova*, 420 F.3d at 77. On remand, should the BIA again deny reopening, it should explain what qualifying relatives

4

and evidence it considered in reaching its conclusion.  *See id.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision denying reopening is VACATED, and the case is REMANDED for further proceedings consistent with this order.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court