Martinez Leon v. Garland

BIA
A206 031 209

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ANTONIO MARTINEZ LEON,
> *Petitioner,*

> v.                                                            **21-6343-ag**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Visuvanathan Rudrakumaran, Esq., New York, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Antonio Martinez Leon, a native and citizen of Mexico, seeks review of a May 12, 2021 decision of the BIA, denying his motion to reopen. *In re Antonio Martinez Leon*, No. A206 031 209 (B.I.A. May 12, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

Martinez Leon sought reopening to present additional evidence in support of cancellation of removal, specifically that his 18-year-old son had decided to return to Mexico with him and would suffer hardship there because of his health issues, COVID-19, and difficulty obtaining employment. Our jurisdiction to review the agency's denial of cancellation of removal for failure to establish hardship to a qualifying relative, or the denial of a motion to reopen to present more evidence in support of hardship, is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(B), (D); *Patel v. Garland*, 142 S. Ct.

1614, 1622–23 (2022); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir. 2007); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005). We review such claims *de novo*. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

Martinez Leon argues that the BIA erred as a matter of law in denying his motion to reopen to submit new evidence that his son would suffer exceptional and extremely unusual hardship if he (Martinez Leon) is removed because the BIA failed to mention COVID-19 in evaluating the evidence, it did not evaluate any hardship factors other than employment and health, and it did not mention a then-unpublished academic article he cited on emotional hardship that results from the removal of a parent. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring nonpermanent resident cancellation applicant to "establish[] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"). His arguments are belied by the record.

The BIA explicitly acknowledged Martinez Leon's evidence related to COVID-19 but nevertheless concluded that such evidence would not change the underlying determination that he had not shown the requisite exceptional and extremely unusual hardship. Further, the BIA did not err in focusing primarily

3

on employment and health because those were the hardships Martinez Leon specifically alleged that his son would suffer. And Martinez Leon did not actually submit the academic article he argues the BIA should have considered. Accordingly, because Martinez Leon's arguments do not raise colorable constitutional claims or questions of law, we lack jurisdiction and dismiss the petition. *See* 8 U.S.C. §§ 1229b(b), 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39–40; *Sepulveda*, 407 F.3d at 64.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4