Guerra Rojas v. Garland

BIA
A097 505 682

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

EDGAR A GUERRA ROJAS,
> *Petitioner,*

v.                                                                                      **22-6119**
                                                                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Raymond Lo, Jersey City, NJ.

FOR RESPONDENT:              Brian Boynton, Principal Deputy Assistant
                            Attorney General; Nancy E. Friedman, Senior
                            Litigation Counsel; Virginia Lum, Trial
                            Attorney, Office of Immigration Litigation,
                            United States Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edgar A. Guerra Rojas seeks review of a February 14, 2022 decision of the BIA denying his motion to reopen his removal proceedings. *In re Edgar A. Guerra Rojas*, No. A097 505 682 (B.I.A. Feb. 14, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Guerra Rojas moved to reopen based on ineffective assistance of counsel, asserting that his former counsel failed to obtain and submit his parents' complete financial and medical records in support of his application for cancellation of removal and that counsel's failures resulted in the denial of cancellation; he also asserted that new evidence of his mother's mental health issues demonstrated that his removal would cause her exceptional and extremely unusual hardship. We review the BIA's denial of a motion to reopen for abuse of discretion, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), and we review *de novo*

constitutional claims and questions of law, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011). But we lack jurisdiction to review factual findings underlying a denial of cancellation of removal, including in the context of a motion to reopen. *See Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) ("[A] court is . . . without jurisdiction to review a factual question raised in an application for [cancellation of removal,] . . . includ[ing] the IJ's underlying factual determination that [petitioner] was credible, or the finding that [a qualifying relative] had a serious medical condition."); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) ("[A] jurisdictional provision that applies to a final order of removal necessarily also applies to related motions to reconsider and reopen.").

A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The agency may deny a motion to reopen if the movant does not submit "previously unavailable, material evidence" or fails to "establish[] a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104–05 (1988); *see also* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not

3

available and could not have been discovered or presented at the former hearing.").

An applicant for cancellation of removal, who, like Guerra Rojas, is not a permanent resident, may have his removal cancelled if, in relevant part, he "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted).

The BIA did not err in denying Guerra Rojas's motion to reopen because he did not submit previously unavailable evidence in support of his ineffective assistance of counsel claim or show that he was prejudiced by former counsel's purportedly ineffective assistance. A movant raising an ineffective assistance claim must first comply with the procedural requirements laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46–47 (2d Cir. 2005) (providing that failure to comply with *Lozada* will

4

result in forfeiture of an ineffective assistance of counsel claim). Further, to obtain reopening based on ineffective assistance of counsel, a movant must show that counsel's actions were unreasonable and caused prejudice, which requires a "*prima facie* showing that, but for counsel's ineffectiveness, [the movant] would have been eligible for . . . relief and could have made a strong showing in support of his application." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (internal quotation marks and citation omitted); *see also Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (requiring movant to "show that, but for counsel's unprofessional errors, there is a reasonable probability the IJ would have granted the relief . . . requested" (internal quotation marks and citation omitted)).

As the BIA concluded, Guerra Rojas's evidence of compliance with the *Lozada* requirements submitted with his June 2021 motion was previously available because he could have complied with those requirements when he first raised his ineffective assistance of counsel claim on appeal to the BIA in March 2020, and he did not explain his failure to do so. *See Abudu*, 485 U.S. at 104. Alternatively, the BIA did not err in finding Guerra Rojas failed to show that he was prejudiced by former counsel's failure to obtain and submit his parents' financial and medical records. *See Scarlett*, 957 F.3d at 326. Guerra Rojas did not

5

include financial records with the motion to reopen, the medical records he submitted provided similar information to records previously before the BIA, and any new medical information did not counter the IJ's findings that his mother's medical conditions were not severe and that she could continue to receive treatment even after Guerra Rojas's removal. *See id.*

Insofar as Guerra Rojas submitted a new, previously unavailable psychological assessment for his mother, the BIA concluded that the assessment did not show his *prima facie* eligibility for cancellation of removal. *See Abudu*, 485 U.S. at 104–05. We lack jurisdiction to review the BIA's factual finding that the assessment was of questionable veracity, *see Wilkinson*, 601 U.S. at 222, and the BIA did not err in alternatively concluding that the assessment would not change the outcome because, other than the hearsay in the assessment, Guerra Rojas did not submit affidavits from himself or his parents regarding his mother's ability to receive treatment for the conditions discussed in the assessment should he be removed. *See Abudu*, 485 U.S. at 104–05; *cf. Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020) ("[E]xceptional and extremely unusual hardship . . . is based on a cumulative consideration of all hardship factors, but to the extent that a claim is based on the health of a qualifying relative, an applicant needs to establish that the

relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7