Hong v. McHenry

BIA
A077 924 851

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

YAN LAN HONG,
> *Petitioner,*

v.                                                      **23-7028**
                                                        **NAC**

JAMES R. MCHENRY III, ACTING
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jean Wang, Esq., Wang Law Office, PLLC, Flushing, NY.

FOR RESPONDENT: Brian M. Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Dunn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Yan Lan Hong seeks review of an August 28, 2023, decision of the BIA denying her motion to reopen her removal proceedings. *In re Yan Lan Hong*, No. A077 924 851 (B.I.A. Aug. 28, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, the BIA did not err in construing Hong's motion as a motion to reopen rather than a motion to reconsider because she sought to apply for cancellation of removal based on a change of law rather than asking the BIA to reconsider a prior decision denying that relief. *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 90 (2d Cir. 2001); *In re O-S-G-*, 24 I. & N. Dec. 56, 57–58 (B.I.A. 2006).

We generally review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *Jian Hui Shao*

2

*v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but we review de novo constitutional claims and questions of law, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011), including the application of the hardship standard to established facts, *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024).   However, we lack jurisdiction to review factual findings underlying a hardship determination, including in the context of a motion to reopen.   *See Wilkinson*, 601 U.S. at 222 (holding that "a court is still without jurisdiction to review a factual question raised in an application for discretionary relief"); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005).

There is no dispute that Hong's motion to reopen was untimely and number-barred because it was her third motion filed almost 20 years after her removal order became final.   *See* 8 U.S.C. § 1229a(c)(7)(A) (allowing one motion to reopen), (C)(i) (setting 90-day deadline).   And she moved to reopen to apply for cancellation of removal, so her motion did not fall into a statutory or regulatory exception to the time and number limitations.   *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

Equitable tolling may excuse the time and number limitations, but we find no error in the BIA's conclusion that equitable tolling was not warranted in Hong's

3

circumstances. Equitable tolling may be appropriate where, for example, a petitioner is prevented from filing a timely motion to reopen because of ineffective assistance of counsel or where there was fraud or concealment of a claim. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 157, 160 (2d Cir. 2006); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). But Hong was not wrongly prevented from applying for cancellation of removal in her underlying proceedings or in a timely motion to reopen. Although *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), clarified that she continued to accrue physical presence in the United States after service of the notice to appear because the notice omitted a hearing date, Hong entered the United States in 2000 and would not have accrued the required ten years of presence before her removal order became final in 2002 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A).

The only remaining basis for reopening was the BIA's sua sponte authority. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review that "entirely discretionary" decision. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022) (same). Although we may remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469,

4

there was no such misperception here.*

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

* Finally, even if Hong's motion were timely, the BIA's determination that she failed to establish her prima facie eligibility for cancellation is an independent basis for denying her motion.   *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *Jian Hui Shao*, 546 F.3d at 168.