*Lin v. Bondi*

BIA
A094 918 496

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-five.

PRESENT:
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

_____

**BAO DI LIN,**
> *Petitioner,*

> v.                                                                          **23-6873**
>                                                                              **NAC**

**PAMELA BONDI, UNITED STATES**
**ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**          Jason Jia, Esq., JIA Law Group, P.C., New York, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Corey L. Farrell, Senior Litigation Counsel; Nancy D. Pham, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Bao Di Lin seeks review of a July 26, 2023 decision of the BIA denying his motion to reopen his removal proceedings. *In re Bao Di Lin,* No. A094 918 496 (B.I.A. July 26, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion, underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), and constitutional claims and questions of law de novo, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011). Where, as here, reopening is sought to apply for cancellation of removal, we lack jurisdiction to review factual findings. *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) ("[A] court is still without jurisdiction to review a factual question raised in an application for discretionary relief."); *see also* 8 U.S.C. § 1252(a)(2)(B)(i), (D)

2

(limiting review of denial of cancellation of removal to constitutional claims and questions of law); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) ("[A] jurisdictional provision that applies to a final order of removal necessarily also applies to related motions to reconsider and reopen.").

The BIA may deny a motion to reopen based on a movant's failure to establish prima facie eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *Jian Hui Shao*, 546 F.3d at 168 ("[A]bility to secure reopening depends on a [movant's] demonstration of *prima facie* eligibility for [relief], which means she must show a realistic chance that she will be able to obtain such relief" (quotation marks omitted)). As the Government argues, Lin has abandoned review of the BIA's dispositive determination that he failed to establish prima facie eligibility for cancellation of removal because he does not explain his failure to file that application or submit evidence to support it. *See Abudu*, 485 U.S. at 104; *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

3

The BIA also did not err in finding that Lin failed to establish prima facie eligibility. Cancellation of removal requires a nonpermanent resident like Lin to establish that his removal would cause "exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The hardship to a qualifying relative "must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001). Here, Lin alleged that he has a U.S. citizen daughter, but other than her birth certificate, he did not submit evidence that his daughter would suffer hardship beyond that ordinarily expected upon removal of any parent. Accordingly, the BIA did not err in determining that Lin failed to establish prima facie eligibility for cancellation of removal. *Id.*

The BIA also did not err in denying Lin's 2021 motion to reopen as untimely, because Lin filed his motion more than 11 years after his removal order became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline). Lin moved to reopen to apply for cancellation of removal, so his motion did not fall into a statutory or regulatory exception to the time and number limitations. *See* 8

4

U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

The BIA correctly concluded that equitable tolling did not excuse the time limitation here. Equitable tolling may be invoked where "some extraordinary circumstance stood in [a petitioner's] way," *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (quotation marks omitted), such as ineffective assistance of counsel or fraud or concealment of a claim, *see Jin Bo Zhao v. INS*, 452 F.3d 154, 157, 160 (2d Cir. 2006); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). But Lin was not prevented from applying for cancellation of removal in his underlying proceedings or moving to reopen. Rather, he simply did not become eligible for cancellation of removal until years after his removal proceedings concluded. Lin entered the United States in 2007, so he did not accrue the required ten years of presence before his removal order became final in 2009 or the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that decision, *Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022), except that we may remand if the BIA misperceived the law and denied sua sponte reopening based

5

on an erroneous determination that a petitioner was not eligible for the relief sought, *i.e.*, that relief on "reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). There was no such misperception in the BIA's determination that becoming potentially eligible for cancellation of removal after being ordered removed was not an exceptional circumstance.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6