Wang v. Bondi

BIA
A077 993 578

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

LAN FANG WANG,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**23-7169**
**NAC**

**FOR PETITIONER:**           Jason Jia, Jia Law Group, P.C., New York, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Sabatino F. Leo, Assistant Director; Corey L. Farrell, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lan Fang Wang, a native and citizen of the People's Republic of China, seeks review of a September 1, 2023, decision of the BIA denying her motion to reopen to apply for cancellation of removal. *In re Lan Fang Wang*, No. A 077 993 578 (B.I.A. Sept. 1, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008), but we review de novo constitutional claims and questions of law, *see Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011), including the application of the hardship standard for cancellation of removal to established facts, *see Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). We lack jurisdiction to review factual findings underlying a hardship determination, including in the context of a motion to reopen. *See id.* at 222 ("[A] a court is still without jurisdiction to review a factual question raised in an application for discretionary relief."); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) ("[A] jurisdictional provision that applies to a final order of removal necessarily also applies to related motions to reconsider and reopen."); *see also* 8 U.S.C. § 1252(a)(2)(B), (D) (limiting review

of the denial of cancellation of removal to constitutional claims and questions of law).

The BIA did not err in denying Wang's 2021 motion to reopen as untimely because she filed it more than sixteen years after her removal order became final in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting a ninety-day deadline for a motion to reopen a final order of removal). A motion to reopen to apply for cancellation of removal does not fall into a statutory or regulatory exception to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing the exceptions); 8 C.F.R. § 1003.2(c)(3) (same). Equitable tolling may excuse the time and number limitations for a motion to reopen, but tolling is available only if the movant demonstrates that an "extraordinary circumstance"—such as ineffective assistance of counsel, fraud, or concealment of a claim—prevented a timely filing. *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023); *see Jin Bo Zhao v. INS*, 452 F.3d 154, 160 (2d Cir. 2006); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). As the BIA determined, Wang did not identify an extraordinary circumstance that prevented her from applying for cancellation of removal.

Cancellation of removal is discretionary relief available to nonpermanent residents who, among other things, establish ten years of physical presence in the United States and that their removal will cause "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Although Wang continued to accrue physical presence in the United States after service of the notice to appear because the notice omitted a hearing date, *see Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021), she entered the United States in 2001 and had not accrued the required ten years of continuous presence before her removal order became final in 2005 or before the time to seek reopening expired, *see* 8 U.S.C. § 1229b(b)(1)(A). Moreover, Wang's proposed cancellation claim is premised on hardship to her U.S. citizen children, the oldest of whom was born after the time to reopen expired. *See id.* § 1229b(b)(1)(D). Accordingly, equitable tolling was not warranted because it was her lack of eligibility—not an erroneous interpretation

3

of the law prior to *Niz-Chavez*—that prevented her from timely reopening. *See Doe*, 76 F.4th at 71; *Iavorski*, 232 F.3d at 134.

In addition, as the BIA observed, Wang did not comply with the regulatory requirement to file a copy of her cancellation application with her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."). Wang has abandoned review of this aspect of the BIA's decision because she does not challenge it here. "We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted).

Wang argues—in the context of challenging the denial of sua sponte reopening—that the agency applied the wrong standards in evaluating whether she established a prima facie claim for cancellation of removal and that it failed to consider her evidence on this issue. But she misreads the BIA's decision: the BIA identified her failure to make a prima facie showing of exceptional and extremely unusual hardship as an additional ground to deny the untimely motion, and then it denied sua sponte reopening for failure to demonstrate exceptional circumstances, noting its authority to deny reopening even when a prima facie claim for relief has been established.

In any event, there was no error in the BIA's evaluation of the prima facie case. Wang advanced a cursory argument that her removal would cause financial and emotional or psychological hardship to her children, but she did not distinguish that harm from what would ordinarily be expected upon removal of a parent, and she thus failed make the required showing that there was a "realistic chance" that she would be granted cancellation of removal. *Jian Hui Shao*, 546 F.3d at 168 (describing the prima facie standard); *see In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (requiring a showing of hardship "substantially beyond

4

the ordinary hardship that would be expected when a close family member leaves this country"). Moreover, "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. DOJ*, 471 F.3d 315, 336 n.17 (2d Cir. 2006), and Wang does not identify hardship evidence that was overlooked.

Finally, we lack jurisdiction to review the BIA's denial of sua sponte reopening under 8 C.F.R. § 1003.2(a) because such a decision is "entirely discretionary." *Li Chen v. Garland*, 43 F.4th 244, 252 (2d Cir. 2022) (quoting *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006)). While we may remand if the BIA "may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *id.* at 253 (quoting *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)), there was no error in the evaluation of the prima facie case for the reasons discussed above and thus no misperception of the law. *See id.* The BIA denied sua sponte reopening because becoming eligible for relief after a removal order does not qualify as an exceptional circumstance. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief."); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). We lack jurisdiction to review that determination. *See Li Chen*, 43 F.4th at 252; *Mahmood*, 570 F.3d at 469; *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

5